MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Jamie M. Kawamura

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMIE M. KAWAMURA,<br><br>    Plaintiff,<br><br>vs.<br><br>NORDSTROM, INC.,<br><br>    Defendant. | CIVIL NO. _____<br><br>COMPLAINT; JURY<br>DEMAND; SUMMONS |

COMPLAINT

COMES NOW, Plaintiff Jamie M. Kawamura, by and through her attorneys, Michael P. Healy and Charles H. Brower, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff JAMIE M. KAWAMURA (hereinafter "KAWAMURA") is and was at all times mentioned herein a resident of the State of Hawaii.

2. Defendant NORDSTROM, INC., (hereinafter "NORDSTROM") is and was at all times mentioned herein a foreign profit corporation incorporated in the State of Washington, with a principal place of business in the State of Hawaii.

3. Plaintiff began working for Defendant NORDSTROM in 2005 and was promoted to Loss Prevention Manager with Defendant NORDSTROM in March 2014.

4. On December 7 2017, Plaintiff was terminated from employment with Defendant NORDSTROM due to discrimination based on her sex (female), and in retaliation for complaining about the discrimination, and for whistleblowing.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights based upon a Charge of Discrimination

was issued by the Equal Employment Opportunity Commission ("EEOC") on November 26, 2018.

## STATEMENT OF FACTS

7. Plaintiff began working for Defendant NORSTROM in 2005, and was promoted to Loss Prevention Manager with Defendant NORDSTROM in March 2014.

8. Plaintiff managed loss prevention for the Ala Moana Shopping Center Nordstrom and Nordstrom Rack location on Ward Avenue, Honolulu, Hawaii.

9. In April 2017, Defendant NORDSTROM promoted Plaintiff's male lead person, Kalai Bustos (hereinafter "BUSTOS") to Loss Prevention Manager for the Nordstrom Rack locations at Ward Avenue and Waikiki, and Plaintiff discovered BUSTOS was being paid more than her.

10. In July 2017, Plaintiff complained about the differential treatment to her immediate supervisor, Joseph Byrnes (hereinafter "BYRNES"), but was subjected to unfair written reprimands in retaliation for her complaints.

11. On November 19, 2017, Plaintiff complained about unethical behavior, and discrimination to NORDSTROM Chief Executive Officer, Blake Nordstrom.

12. On December 7, 2017, Plaintiff was suddenly terminated from employment with Defendant NORDSTROM.

13. No reason was given to Plaintiff regarding her termination from employment with Defendant NORDSTROM.

14. Plaintiff was terminated from employment with Defendant NORDSTROM because of her sex (female) and in retaliation for complaining about the discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, as well as for whistleblowing.

15. Prior to termination, Plaintiff was a dedicated worker and performed her job duties satisfactorily.

## STATEMENT OF CLAIMS

### COUNT I

### DISCRIMINATION

16. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

17. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to sex (female) and based on retaliation for complaining of the discrimination pursuant to 42 U.S.C. § 12203.

18. The aforesaid acts and/or conduct of Defendant and its employees/agents constitutes discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title of the Civil Rights Act of 1964, as amended.

19. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

20. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

21. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II

## RETALIATION

22. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

23. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein were in violation of 42 U.S.C. § 12203, for which Plaintiff is entitled to an award of damages to be proven at trial.

## COUNT III

## WHISTLEBLOWER'S PROTECTION ACT

24. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

25. The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of a violation of law for which Plaintiff is entitled to an award of damages to be proven at trial.

26. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to employment with Defendant NORDSTROM with full benefits reinstated; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F.   For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, February 22, 2019.

                                      <u>/s/ Charles H. Brower</u>
                                      MICHAEL P. HEALY
                                      CHARLES H. BROWER
                                      Attorneys for Plaintiff
                                      Jamie M. Kawamura